MICHAEL E. MITCHELL, #240199
**MITCHELL LAW GROUP, INC.**
335 W. Shaw Avenue, Suite A
Fresno, California 93704
Telephone: (559) 222-2424
Facsimile: (559) 222-2434

Attorney for Defendant
**CHAD A. BOARDMAN**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CHAD A. BOARDMAN,<br><br>　　　　Defendant. | Case No. 6:16-mj-010-MJS<br><br>**WAIVER OF DEFENDANT'S PERSONAL PRESENCE AND REQUEST TO APPEAR VIA TELEPHONE; ORDER THEREON**<br><br>Date:　August 24, 2016<br>Time:　10:00 A.M.<br>Dept:　Yosemite Magistrate Court |

TO THE ABOVE-ENTITLED COURT:

　　Mr. Boardman and his counsel, Michael E. Mitchell, have signed and returned the plea agreement whereby Mr. Boardman would be pleading guilty to a count of a violation of Title 36 CFR section 4.2(b), incorporating California Vehicle Code section 23103(a)- Driving recklessly upon a highway in willful or wanton disregard for the safety of persons or property.  His plea and sentencing hearing is set for August 24, 2016 at 10:00 a.m.

　　The Defendant Chad A. Boardman ("Mr. Boardman") having been advised of his right to be present at all stages of proceedings, including, but not limited to, presentation of and arguments on questions of fact and law, and to be confronted by and to cross-examine all witnesses, hereby waives the right to be present at the hearing of any motion or other proceeding

in this cause.   Examples of hearings concerning which the defendant waives the right to be present include initial appearance, when the case is set for trial, when a continuance is ordered, during a plea or change of plea, during sentencing or any case disposition, when a motion for reduction of bail or for a personal recognizance release is heard.

The undersigned Defendant requests the Court to proceed during every absence of the Defendant that the Court may permit pursuant to this waiver, and hereby agrees that his interest is represented at all times by the presence of his attorney the same as if the Defendant were personally present in court, and further agrees that notice to Defendant's attorney that Defendant's presence in court on a particular day at a particular time is required is notice to the Defendant of the requirement of Defendant's appearance at that time and place.

Mr. Boardman is 40 years old.

Mr. Boardman currently resides in San Diego, California.  San Diego, as I'm sure the court is aware, is located approximately 432 miles from Yosemite National Park (YNP).  He was on vacation at YNP when this incident occurred. He is unable to appear in person at the scheduled hearing on February 23, 2016 at 9:00 a.m., due to a number of reasons.

Mr. Boardman would suffer a number of professional, personal and financial hardships if he had to return to YNP for the arraignment in this matter.

He is currently employed at Freight Aces.  He is the owner of business, which has been in operation for 13 years.

Mr. Boardman's job duties include, but are not limited to, the following: handling all company expenses and job requests; driving to and back from the office on a daily basis; booking freight shipments; answering customer calls and emails; moving trucks around the yard and delivering loads.

In order to attend court, he would have to miss at least three days of work for travel and attendance at the court hearing.

The travel expenses he would have to incur would be approximately $315.20, and would include.

Airfare: $176.20 – approximately.

    Car Rental: $40

    Hotel: $99.00

    $315.20 – minimum travel cost

Loss of business:

$1844.16 – Loss of revenue from and average business day

$368.80 – Average daily profit

    As the sole owner and employee of Freight Aces, Mr. Boardman would have to close the business on Aug 24th, which could potentially cost tens of thousands of dollars in future business. Being closed on a normal business day would tarnish his business name, and force his clients to find other options for their shipping.

    Accordingly, Mr. Boardman requests a telephonic appearance to enter his plea and be sentenced on August 24, 2016.

    Counsel has been informed by Matthew McNease that the Park Service **is objecting** to Mr. Boardman appearing via Rule 43 waiver.

DATED: August 8, 2016                    /s/ Chad A. Boardman_____
                                                  Chad A. Boardman, Defendant

DATED: August 8, 2016                    /s/ Michael E. Mitchell_____
                                                  Michael E. Mitchell
                                                  Attorney for Defendant

## ORDER

**GOOD CAUSE APPEARING,** the Court grants Defendant's request for a Rule 43 waiver of appearance at his proposed hearing to enter a plea and be sentenced in case number 6:16-MJ-0010-MJS **but only on the condition** that he and his counsel

successfully arrange to have Defendant appear at said hearing via the Court's existing secure video conferencing network and equipment.

IT IS SO ORDERED.

Dated:  August 8, 2016              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE